PER CURIAM.
Trahn Bowens appeals his conviction for strong-arm robbery. First, he claims the *1057 trial court erred in allowing a surreptitiously recorded conversation to be played at trial, in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Second, he claims the trial court erred in denying a motion for mistrial after the State referred to the contents of a BOLO. We affirm on both issues, but write to explain why the admission of the surreptitiously recorded conversation did not violate Crawford,.
The events precipitating this case occurred when Patrick, the victim, bumped another vehicle while driving. Both vehicles pulled into a gas station. Patrick exited the vehicle to talk to Michael, the other driver. Bowens, Michael, and Michael’s girlfriend exited the other vehicle. While Michael was talking to Patrick, Bowens got behind Patrick. Suddenly, Bowens lifted up Patrick and dropped or slammed him on the ground. Bowens stepped on Patrick, took his necklace, turned him over, and took his wallet. Then Bowens, Michael, and the girlfriend drove away.
Bowens and Michael were apprehended together. They were placed into the back of a patrol car in which a tape player was hidden. A conversation was recorded in which Michael appeared to be panicked over being arrested, as he was on probation, and Bowens was trying to calm him down.
Prior to trial, Bowens moved to exclude the tape recording on the grounds that Michael’s statements on the recording were hearsay and that the statements of both Michael and Bowens were testimonial. The trial court denied the motion. After the tape recording was played for the jury, Bowens moved for a mistrial on the same grounds, which were also denied.
“[T]he admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement is testimonial, and (2) the declarant is unavailable and the defendant lacked a prior opportunity for cross-examination of the declar-ant.” Franklin v. State, 965 So.2d 79, 90 (Fla.2007). No specific test exists for determining whether a statement is testimonial or non-testimonial. In Crawford, the Supreme Court held “that at a minimum, statements are testimonial if the declarant made them ‘at a preliminary hearing, before a grand jury, or at a former trial; and [in] police interrogations.’ ” Id. (quoting Crawford, 541 U.S. at 68, 124 S.Ct. 1354). Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), provided further guidance in regard to whether a police interrogation is testimonial, holding that the distinction depends on whether the primary purpose of the interrogation was to establish past events relevant for later criminal prosecution or to handle an ongoing emergency. Id. at 822, 126 S.Ct. 2266. Based on this case law, Justice Cantero in Franklin advocated the adoption of a test that would determine, based on the totality of the circumstances surrounding the statement, whether the primary purpose of obtaining the statements was for criminal prosecution. Franklin, 965 So.2d at 107 (Cantero, J., specially concurring). A plurality of the U.S. Supreme Court has also recognized that to be testimonial, “a statement must have a primary purpose of establishing or proving past events potentially relevant to later criminal prosecution.” Bullcoming v. New Mexico, - U.S. -, - n. 6, 131 S.Ct. 2705, 2714 n. 6, 180 L.Ed.2d 610 (2011) (internal quotations omitted).
Bowens argues the primary purpose of the surreptitious recording of the conversation between him and Michael was to preserve the conversation for later use in a criminal proceeding. No Florida case has addressed whether a surreptitious record *1058 ing is testimonial for purposes of Crawford. However, this issue has been addressed in other jurisdictions.
In United States v. Hendricks, 395 F.3d 173 (3d Cir.2005), the defendant sought exclusion of conversations between himself, other co-defendants, and a confidential informant that were recorded using a wire on the informant provided by the government. The district court excluded the conversations, holding they were testimonial because the confidential informant was working for the government for the purpose of obtaining evidence for prosecution. Id. at 183. The circuit court noted that those portions of the conversations which were party admissions or statements of co-conspirators in furtherance of a conspiracy were admissible, as such statements are not hearsay under section 801(d)(2)(A) and (E) of the Federal Rules of Evidence. Those exceptions to the hearsay rule were recognized as nontesti-monial in Crawford. Id. at 183. Since part of the conversations was admissible, the circuit court held that all of the conversations, including the confidential informant’s part of the conversation, should be admissible to place the defendant’s and co-conspirator’s statements into context. Id. at 184.
Benjamin v. State, 940 So.2d 371 (Ala.Crim.App.2005), followed Hendricks in a case where police placed a wire on a friend of a murder suspect in order to record the suspect’s confession. The court held the defendant’s statements were admissions which he did not realize would be used in prosecution, so therefore they were non-testimonial. The friend’s statements on the recording were not admitted as substantive evidence, but to place the defendant’s statements in context, so the friend’s statements were held to be nontes-timonial as well. Id. at 380.
Also, in People v. Jefferson, 158 Cal.App.4th 830, 70 Cal.Rptr.3d 451 (Cal.Ct.App.2008), the court held a conversation between two defendants that was recorded when the defendants were placed in a bugged jail cell was not testimonial under Crawford. The court determined that their taped statements were not made to government officers, the government did not participate in or encourage the conversation, and the conversation was held in secret. Thus, an objective person would not have expected the conversation to be later used at trial. Id. at 842-44, 70 Cal.Rptr.3d 451.
In this case, Bowens’s side of the surreptitiously recorded conversation is admissible as a party admission under section 90.803(18)(a), Florida Statutes. Michael’s side of the conversation is admissible to place Bowens’s statements into context. Further, the conversation between the two was not instigated or facilitated by any law enforcement officer or other person with the primary purpose of collecting evidence for criminal prosecution. Rather, it was a spontaneous conversation that happened to have occurred within the range of an audio recorder. Therefore, we find the trial court did not err in determining Michael’s statements were nontestimonial for purposes of Crawford,

Affirmed.

MAY, C.J., HAZOURI, and CONNER, JJ., concur.